IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SWIMWAYS CORPORATION

and

VAP CREATIVE, LTD.,

     **Plaintiffs,**

v.                                            **Civil Action No. 2:13cv334**

ZURU, INC.,

     **Defendant.**

## ORDER

     This matter is before the Court on cross-discovery motions filed by the parties that were precipitated after Plaintiffs' noticed a Fed. R. Civ. P. 30(b)(6) deposition of Defendant Zuru, Inc. to occur in Norfolk, Virginia. On May 27, 2014, Zuru filed a motion for a protective order, ECF No. 51, accompanied by a memorandum in support, ECF No. 52, which sought an order from the Court protecting it from appearing in Norfolk, Virginia for the Plaintiffs' Rule 30(b)(6) deposition. On June 2, 2014, Plaintiffs opposed the motion for a protective order, ECF No. 58, and filed a motion to a compel Zuru's participation in the Rule 30(b)(6) deposition noticed for Norfolk, ECF No. 59, with a memorandum in support that asked for expedited briefing, ECF No. 60. In response, on June 3, 2014, the Court ordered Zuru to file a responsive pleading to Plaintiffs' motion to compel, and any reply brief to its own motion for a protective order, by 3:00 p.m. on June 5, 2014. ECF No. 61. Briefing is now complete and the matter is ripe for disposition. In accordance with E.D. Va. Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78, the Court decides the pending discovery motions without hearing oral argument.

The sole issue before the Court is whether Plaintiffs can compel Zuru (or, more precisely, a corporate representative of Zuru), a corporate defendant/compulsory counterclaimant with its principal place of business in China, to appear for the Rule 30(b)(6) deposition in Norfolk, Virginia, the forum chosen by Plaintiffs in filing suit. The Court finds that Zuru cannot be so compelled, and for the following reasons, the Rule 30(b)(6) deposition should occur in Hong Kong.

E.D. Va. Local Civil Rule 30(A) provides:

> Any party, or representative of a party (e.g., officer, director, or managing agent), filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division. Exceptions to this general rule may be made on order of the Court when the party, or representative of a party, is of such age or physical condition, or special circumstances exist, as may reasonably interfere with the orderly taking of a deposition at a place within the division. A defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purpose of this Local Rule. This subsection shall not apply to an involuntary plaintiff or an interpleader plaintiff.

*Id.* However, when a defendant/counterclaimant is determined to be a compulsory counterclaimant, then the "defendant remains entitled to protection from deposition anywhere but his or her residence or business location," *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982), and is not required to submit to a deposition at the place designated by the plaintiff within the district. In patent cases, "it is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement [or vice versa] is compulsory . . . ." *Insituform Tech., Inc. v. Amerik Supplies, Inc.*, No. 3:07-cv-687, 2008 WL 276404 (E.D. Va. Jan. 30, 2008) (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999)) ("Here, Defendants' counterclaim for patent invalidity and non-infringement involves the same patents at issue in Plaintiffs' Complaint and is therefore a

2

compulsory counterclaim."). Here, Zuru filed a counterclaim alleging patent invalidity and non-infringement, involving the same patents at issue in the Plaintiffs' Complaint, and thus, the counterclaim is considered compulsory. *Id*; *see also* ECF No. 12 at 7-9. Accordingly, as a foreign corporate defendant/compulsory counterclaimant, Zuru is entitled to the presumption that the Plaintiffs' Rule 30(b)(6) deposition should occur in China, its principal place of business. *In re: Outsidewall Tire Litigation*, 267 F.R.D. 466, 470 (E.D. Va. 2010) (recognizing the presumption that agents of foreign corporate defendants should be deposed at the corporation's principal place of business); *see also Zuckert*, 96 F.R.D. at 962.

This presumption is not absolute, however, and can be overcome by a showing of special circumstances. *Outsidewall Tire Litigation*, 267 F.R.D. at 472. The Court has "broad discretion to determine the appropriate location for a deposition and may attach conditions . . . as it finds appropriate." *Armsey v. Medshares Mgmt. Servs.*, 184 F.R.D. 569, 571 (W.D. Va. 1998) (citing Fed. R. Civ. P. 26(b), (c), and 30). Specifically, this Court recognized that the presumption of deposing a foreign corporate defendant at its principal place of business could be "overcome where the record presents unique or distinctive circumstances demonstrating either (i) that taking the depositions at the corporation's principal place of business would be unduly burdensome, or (ii) that, by virtue of the corporation's regular course of activity in the alternative location, the burden of requiring the officer or managing agent to be deposed there is minimal and the savings to the deposing party are substantial."[1] *Outsidewall Tire Litigation*, 267 F.R.D. at 473. The

---

[1] Other courts have considered more specific factors that fall within these two main factors, including: (1) the location of counsel for the parties; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court or necessitate court supervision; (4) whether the persons sought to be deposed often engage in travel for business purposes; (5) the equities regarding the nature of the claim and the parties' relationship; and (6) whether the deposition would be impeded by the foreign nation's laws. *Securities & Exchange Comm'n v. Banc de Binary*, No. 2:13-cv-993, 2014 WL 1030862, at *3-4 & n.8 (D. Nev. Mar. 14, 2014) (citations omitted).

circumstances of this case suggest that the deposition should take place in Hong Kong.

Zuru's principal place of business is in Guangzhou, China, and Plaintiffs correctly note that under Chinese law, the Rule 30(b)(6) deposition cannot take place there without permission from the Chinese Government, and that there is a risk of "arrest, detention or deportation of the American attorneys and other participants." ECF No. 58 at 3-4 (citing statements from the United States State Department regarding international judicial assistance and the taking of voluntary depositions of willing witnesses in the People's Republic of China). This is a fact that would, at least in part, rebut the presumption in favor of taking the deposition at Zuru's principal place of business. As an alternative, however, Zuru proposed that its corporate representative be deposed in Hong Kong Special Administrative Region, a foreign jurisdiction that is convenient for Zuru's representative—indeed it is close to Zuru's principal place of business—and allows for the taking of oral depositions by private attorneys from the United States without the associated risks involved in deposing the corporate representative in China. ECF No. 62 at 2-3. Accordingly, the Court finds that Hong Kong is an appropriate alternative to China for the location of the Rule 30(b)(6) deposition, and that this factor does not rebut the presumption in favor of deposing the representative at or near Zuru's principal place of business.

The Court must still look at any undue burden associated with taking the deposition in Hong Kong, including the location of the attorneys in the forum district, and the necessary travel expenses. Nonetheless, the Court finds that any additional burden imposed by traveling to Hong Kong does not outweigh the presumption afforded to the foreign corporate defendant/compulsory counterclaimant that the Rule 30(b)(6) deposition take place in Hong Kong, in close proximity to its principal place of business. All counsel are located mainly in the

4

Tidewater or Richmond regions of Virginia, with one attorney located in Northern Virginia and one attorney located in Annapolis, Maryland. Thus, there will be an associated expense for both parties in traveling to Hong Kong for the deposition. This factor alone, however, is not enough to rebut the presumption afforded to Zuru. This is especially true in light of other factors, which support the presumption that the deposition should occur in Hong Kong: only one corporate representative will be deposed; the one corporate representative to be deposed, and other officers and agents of Zuru, do not regularly travel to Virginia; and there has been no proffer by either party that judicial intervention by this Court will be necessary during the deposition. Therefore, the Court concludes that the Rule 30(b)(6) deposition of foreign corporate defendant/compulsory counterclaimant Zuru will occur in Hong Kong. The parties are to cover their own expenses, but are also reminded of cost-reducing alternatives, including the option of deposing Zuru's 30(b)(6) representative by videoconference. *See* ECF No. 62 at 3-4 ("[Zuru's proposed 30(b)(6) representative] is agreeable to submitting to a videoconference deposition, even if that means she is deposed at night (her time) due to the twelve hour time difference between Virginia and Hong Kong.").

Accordingly, after full consideration of the arguments raised in the briefs and the relevant case law, Zuru's motion for a protective order, ECF No. 51, is **GRANTED**, but Zuru's request for fees and costs is **DENIED**, because the Court finds that Plaintiffs' objection was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A). Zuru's corporate representative shall not be required to travel to Norfolk, Virginia for Plaintiffs' previously noticed Fed. R. Civ. P. 30(b)(6) deposition. Plaintiffs' motion to compel such a deposition in Virginia, ECF No. 59, is **DENIED**. Plaintiffs are **ORDERED** to conduct Zuru's Rule 30(b)(6) deposition in Hong Kong

Special Administrative Region, and Plaintiffs' request for leave to take the Rule 30(b)(6) deposition outside the scheduled discovery deadline is **GRANTED**, so long as the date and time of the deposition is agreeable to all parties.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/

Lawrence R. Leonard
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 6, 2014

6